WILLIAM GOLDSTEIN, Administrator of BERNARD WERNER, Respondent, v. THE ROYAL CIGAR COMPANY, Appellant.

St. Louis Court of Appeals, December 6, 1892.

**Sufficiency of the Evidence.** The evidence in this cause is considered, and it is *held* adequate to support the verdict and judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL FISHER, Judge.

AFFIRMED.

*Frank E. Richey,* for appellant.

All of the testimony (which is set out in full in the transcript) shows that appellant was not to be charged with the seventy pounds of bad tobacco, and that the cost of rewrapping the thirteen thousand cigars was to be borne by the respondent. There was no evidence to the contrary; consequently, there was no conflict of testimony, and the court erred in not finding in accordance with the evidence, and its decision should be reversed. *Hunt v. Railroad,* 89 Mo. 607; *Wilson v. Albert,* 89 Mo. 537; *Ellis v. Bray,* 79 Mo. 227; *Schenck v. Sautter,* 73 Mo. 46; *Lionberger v. Pohlman,* 16 Mo. App. 392; *Hamilton v. Caruthers,* 16 Mo. App. 560.

*David Goldsmith,* for respondent.

BIGGS, J.—This action originated before a justice of the peace. It is for ‖a balance of $180.82 claimed to be due on account. The defendant admitted an indebtedness of $96.82, which amount he deposited with the constable. In addition to the credits given in the account, the defendant claimed that he was entitled to a credit of $38.50, the price of seventy pounds of tobacco. It also filed a counterclaim of $45.50. There was a judgment before the justice for $142.32, from which the defendant appealed. On a trial *de novo* in the circuit court, there was a finding and judgment for $121.30. No instructions were asked or given, and no exceptions were saved at the trial. The defendant has brought the case here, and insists that, under the evidence, it was entitled to credit for a greater amount than was allowed by the circuit judge, before whom the case was tried.

It is very evident from the finding that the trial court gave the defendant credit for $38.50, the price of seventy pounds of tobacco. Concerning that item of credit there was no dispute. The conflict in the evidence grows out of the counterclaim. The defendant claimed that the deceased was indebted to it for the cost of rewrapping thirteen thousand cigars at $3.50 per thousand. The defendant's evidence tended to show that the deceased agreed to pay one-half of the cost for rewrapping the cigars, and there was no counter proof. But there was a substantial conflict in the evidence as to what it actually cost the defendant to have the work done. The defendant's president admits that, in the first statement of the account which was delivered to the administrator, he only charged $2.50 per thousand for the work. He claimed, however, that this was a mistake, and that within a day or two he

made out a corrected statement and mailed it to the administrator. The latter testified that he had no recollection of receiving it, and that he never heard of the extra charge until one or two months afterwards.

It is useless to argue that, under this state of the proof, the trial judge was not authorized to find that the actual cost of rewrapping the cigars was $32.50, instead of $45.50. The first presentation of the counterclaim was in the nature of an admission, which authorized the court to discredit the testimony of the defendant's president that the statement was incorrect. Besides, the president of the defendant testified that it was worth from $5 to $6 per thousand to rewrap the cigars. Thus the finding of the court was within the limits of the defendant's own evidence.

The judgment of the circuit court will be affirmed. All the judges concur.